| | | |
|---|---|---|
| **KENNETH SMITH,** | : | Case No. 1:19-cv-00052-SJD-KLL |
| | : | |
| Plaintiff, | : | Magistrate Judge Litkovitz |
| | : | |
| vs. | : | |
| | : | |
| **DUKE ENERGY BUSINESS SERVICES LLC,** | : | **STIPULATED PROTECTIVE ORDER** |
| | : | |
| Defendant. | : | |

Plaintiff Kenneth Smith and Defendant Duke Energy Business Services, LLC hereby stipulate to the following Order relating to confidential business and other proprietary information.

**IT IS HEREBY STIPULATED THAT:**

The parties recognize that preparation and trial of this action may require the discovery of confidential and/or proprietary materials containing proprietary business, personnel, trade secret, or financial information, other information subject to confidentiality requirements, or other such sensitive commercial information that is not publicly available. The parties desire to litigate this action without jeopardizing the parties' interest and expectation in the privacy and confidentiality of their records and so enter this Order.

Each party to this proceeding or any subsequent appeals and anyone else who may subscribe to this Stipulated Protective Order ("Order") agree as follows:

1. For purposes of this Order, Confidential Information includes Plaintiff's medical and personal financial information and Defendant's and/or Defendant's parent, affiliated, or related companies' confidential business information, including but not limited to trade secrets,

business records, and other proprietary materials containing confidential business, personnel, or financial information, other information subject to confidentiality requirements, or such other sensitive commercial information that is not publicly available that is: (a) conveyed by or contained in a document produced; (b) stated in answer to an interrogatory; (c) disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding; or (d) disclosed by a party or a non-party at a hearing. Any party that produces information which it reasonably believes to be Confidential Information may, at the time of production, designate such information as "Confidential" and the information so designated shall thereafter be subject to the provisions of this Order. In the case of documents, each page that is to be produced under this Order shall be separately marked "Confidential."

2.      Any Confidential Information pursuant to Paragraph 1 of this Order shall not be disclosed to any person whatsoever other than: the parties, their parent and/or affiliated and/or related companies, and their respective directors, officers, and management employees, and their secretarial or clerical staffs; attorneys of record, their legal assistants, and their secretarial or clerical staffs; insurers; court reporters and the Court; and deponents, witnesses, experts, and consultants retained in good faith to assist in connection with this action and/or potential deponents, witnesses, experts, and consultants retained in good faith to assist in connection with this action, but only on an as needed basis, provided that such persons agree to not disclose or otherwise use such Confidential Information in any manner other than for the purpose of providing testimony in this matter.

3.      Any information designated "Confidential" pursuant to Paragraph 1 of this Order shall be held in confidence by each person to whom it is disclosed, shall be used by the person

who receives such information only for the purposes of this proceeding, and shall not be used by the recipient of the information for any function other than this litigation.

4.      In the event that any information or documents designated as "Confidential" as provided in Paragraph 1 of this Order are used in depositions, the court reporter shall be instructed either (1) by a statement on the record by counsel at the time of the deposition, or (2) by written notice to all counsel within ten business days after the receipt of the transcript, that the portions of the depositions relating to the Confidential Information, as well as any Confidential documents which are made exhibits, shall be retained under seal and if filed in connection with this proceeding or any subsequent appeal, shall be filed pursuant to this Order as set forth in Paragraph 5, and that copies of such materials shall be given only to counsel of record. Only those persons afforded access under Paragraph 2 may be present at any examination concerning Confidential Information.

5.      This Stipulated Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 5.2.1.

6.      Thirty days after final termination of this proceeding, including all subsequent appeals, each party shall destroy all materials produced and designated as "Confidential" and all copies thereof. If a party, within twenty-eight days of the final termination of this proceeding, requests that the Confidential Information be returned, the party to whom the request is made shall return all such Confidential Information produced and all copies thereof. Unless a court

orders otherwise, the parties shall continue after final termination of this proceeding to keep confidential the information and documents exchanged pursuant to this Order. Confidential Information incorporated into pleadings, exhibits, legal memoranda, or similar documents need not be destroyed but shall remain confidential.

7.      This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any such document or information, including restrictions differing from those specified herein, and this Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

8.      The parties must agree in writing to withdraw the designation of "Confidential." If a party notifies the opposing party in writing that it disputes the confidentiality designation of a document, the party challenging the designation of the document as "Confidential" shall bear the burden of going forward to move the Court to resolve the issue after the parties have attempted to resolve their dispute in good faith. However, once challenged, the party designating the document as "Confidential" shall bear the ultimate burden of demonstrating that good cause exists to designate the document as "Confidential." The document in question will remain subject to the confidentiality provisions of this Order until the Court rules upon the designation of the document.

9.      This Order has no effect upon, and shall not apply to, the parties' and their counsel's own internal use of the information and documents that party produced under the protections of this Order.

10.     In the event additional parties join or are joined in this action, they shall not have access to material marked "Confidential" until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

11.     This Order shall not apply to information in the public domain or obtained from other sources not in violation of this Order, regardless of whether or not such information is also contained in discovery materials designated as "Confidential" in this case.

12.     In accordance with Fed. R. Civ. P. 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information about the disclosure and the basis for privilege. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. Disclosure of a privileged document shall not be deemed a waiver with respect to that document or other documents involving the same or a similar subject matter.

13.     The undersigned counsel for the parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this Order.

14.     The Court retains jurisdiction to alter or amend this Order by further order of the Court upon a showing of good cause. Upon approval by the Court, this Order shall be effective as the Order of the Court. Nothing in this Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of Confidential Information.

**IT IS ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

_____7/10/19_____
Date

STIPULATED:

/s/ *Robert A. Klingler* (via email authorization)
Robert A. Klingler (0031603)
Michael R. Briach (0097986)
Robert A. Klingler Co., L.P.A.
525 Vine Street, Suite 2320
Cincinnati, OH 45202-3133
(513) 665-9500 (telephone)
(513) 621-3240 (facsimile)
rak@klinglerlaw.com
mrb@klinglerlaw.com

*Attorneys for Plaintiff*

/s/ *Tessa L. Castner*
Richard L. Moore (0062010)
Tessa L. Castner (0093808)
Frost Brown Todd LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
(513) 651-6496 (direct)
(513) 651-6981 (facsimile)
rlmoore@fbtlaw.com
tcastner@fbtlaw.com

*Attorneys for Defendant*

0106219.0716654   4815-4897-1928v1